UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY N.,

                Plaintiff,

v.                                                            CASE NO: 1:21-cv-01159 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HILLER COMERFORD INJURY & DISABILITY LAW<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | ELIZABETH A. HAUNGS, ESQ.<br>KENNETH R. HILLER, ESQ.<br>IDA M. COMMERFORD, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANDREA LECHLEITNER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, the Commissioner's motion is

DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings as set forth below.

I.     RELEVANT BACKGROUND

   A.     Factual Background

Plaintiff was born on January 14, 1976, and has at least a high school education. (Tr. 184, 189). Generally, plaintiff's alleged disability consists of heel spur, tendonitis, arthritis, bipolar disorder, anxiety disorder, pulmonary embolism, thyroid removal, arthritis in the back, insomnia and bilateral leg edema. (Tr. 195). Her alleged disability onset date is July 6, 2015. (Tr. 184). Her date last insured is September 30, 2019. (Tr. 826).

   B.     Procedural History

On July 30, 2015, plaintiff protectively applied for a period of Disability Insurance Benefits (DIB) under Title II, and Supplemental Security Income (SSI) under Title XVI, of the Social Security Act. (Tr.160-72). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On February 1, 2018, plaintiff appeared before ALJ John Loughlin. (Tr. 42-70). On May 23, 2018, ALJ Loughlin issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-26). On April 9, 2019, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-6). Plaintiff proceeded to the Western District of New York and her case was ultimately remanded in June 2020. (Tr. 997, 986-96). A new hearing was held telephonically on May 20, 2021, before ALJ Mary Mattimore. (Tr. 828-844). ALJ Mattimore issued another unfavorable decision on July 26, 2021, which was appealed directly to this Court. (Tr. 821-52).

**C.     The ALJ's Decision**

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019.

2. The claimant has not engaged in substantial gainful activity since July 6, 2015, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), migraine headaches, obesity, lumbar spondylosis, cervical spine degenerative disc disease, head-neck myalgia, left humerus fracture, chondromalacia patellae of both knees, bipolar disorder, generalized anxiety disorder (GAD), and schizoaffective disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant: can occasionally push, pull and reach overhead bilaterally; can frequently reach in all other directions bilaterally; can never climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps; can have no exposure to bright, flashing, flickering lights such as strobe lights; can work in a moderate noise level environment as defined in appendix D of the selected characteristics of occupations; can have no concentrated exposure to fumes, odors, dust, gases or other pulmonary irritants; can perform a low stress job defined as simple, routine work and make simple workplace decisions not at a production rate pace (e.g., assembly line pace); can tolerate minimal changes in workplace processes and settings; and can have occasional interaction with supervisors, coworkers and the public.

6. The claimant is capable of performing past relevant work as a small products assembler II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 6, 2015, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)). (Tr. 828-844)

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Arguments

Plaintiff makes essentially three separate arguments in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ omitted any evaluation of the opinion from Physician Assistant (PA) Zakroczemski, the ALJ failed to account for plaintiff's need to be off-task or absent from work due to migraines, and the ALJ failed to reconcile the high frequency of plaintiff's treatment with the RFC. (Dkt. No. 8 [Pl.'s Mem. of Law]). Plaintiff additionally submitted a reply brief responding to defendant's arguments. (Dkt. No. 10).

### B. Defendant's Arguments

Defendant's reply identifies the issue as whether substantial evidence supports the Commissioner's decision. (Dkt. No. 9 at 2 [Def.'s Mem. of Law]). Defendant does respond broadly to plaintiff's specific arguments in the context of substantial evidence.

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the

right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

Plaintiff first argues that the ALJ omitted any evaluation of the opinion from treating physician assistant (PA) Zakroczemski, specifically that plaintiff needed to avoid prolonged sitting, standing, or lying down. (Dkt. No. 8 at 22). Defendant responds that the ALJ cited to the exhibit which contained the opinion and thus did not ignore it but subsequently concedes that the ALJ elected not to discuss the non-medical opinion. In any event, defendant claims that plaintiff did not prove the ALJ failed to consider it. (Dkt. No. 9 at 18, 19). Despite defendant's arguments, the Court is unable to determine the ALJ's reasoning and therefore remand is warranted.

During plaintiff's primary treatment in October 2020, PA Damian Zakroczemski opined that plaintiff needed to "avoid prolong[ed] sitting or standing or lying down" due to

her lumbar intervertebral disc disorders. (Tr. 2339). In her decision, the ALJ neither mentions PA Zakroczemski nor identifies the limitations opinioned. Since the ALJ provides no reason whatsoever for omitting these limitations, the Court has no idea whether the ALJ missed them, ignored them, or disagreed with them for some legitimate reason. *Linda H. v. Comm'r of Soc. Sec.,* No. 19-CV-1244-LJV, 2021 WL 2075437, at *3 (W.D.N.Y. May 24, 2021) *citing Labonte v. Berryhill,* 2017 WL 1546477, at *4 (W.D.N.Y. May 1, 2017)(remanding where the ALJ gave "significant weight" to the opinion of the claimant's chiropractor but "reject[ed]—without any explanation whatsoever—[the chiropractor's] opinion that she would frequently be off task").

Defendant attempts to relieve the ALJ of the duty to discuss the statements from PA Zakroczemski by differentiating his opinion from a medical opinion under the regulations. Indeed, under the regulations relevant to plaintiff's claim, physician's assistants are not acceptable medical sources. 20 C.F.R. §§ 404.1513(a), 416.913(a) (effective Sept. 3, 2013 – March 26, 2017); *see also* Social Security Ruling ("SSR") 06-3p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006) ("[O]nly 'acceptable medical sources' can be considered treating sources ... whose medical opinions may be entitled to controlling weight.") (rescinded effective March 27, 2017). As the Second Circuit has explained, "while the ALJ is certainly free to consider" the opinions of a physician's assistant "in making her overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." *Grenier v. Astrue*, 298 F. App'x 105, 108-09 (2d Cir. 2008) (summary order).

However, this does not permit an ALJ to disregard the opinion of a physician's assistant without explaining her reasoning in any way. The regulations provided that,

7

when the record contained "[o]pinions from medical sources who are not acceptable medical sources," "[t]he adjudicator generally should explain the weight given to [these] opinions." 20 C.F.R. §§ 404.1527(f), 416.927(f). When assigning weight to "[o]pinions from medical sources who are not acceptable medical sources," the ALJ is still required to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." 20 C.F.R. §§ 404.1527(f), 416.927(f). Additionally, sources not technically deemed acceptable medical sources are still important in the medical evaluation because they have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Williams v. Colvin*, 15-cv-4173(ALC), 2016 WL 3034494, at *9 (S.D.N.Y. May 26, 2016) (internal quotation marks and citation omitted). Here, the Court is unable to follow the ALJ's reasoning or glean how the PA's opinion was considered or if it was considered at all.

Defendant contends that the ALJ's citation to the exhibit which contained the opinion was sufficient under the regulations. However, the ALJ's reference to an entire exhibit consisting of 51 pages from Primary Care of WNY does not allow the Court to follow the ALJ's reasoning nor confirm compliance with the regulations for the opinion located on one of those pages. Defendant eventually concedes that the ALJ "may not have explicitly recited PA Zakroczemski's statement" but without any evidence continues to argue there was "no reason to believe that the ALJ did not fully consider it." (Dkt. No. 9 at 18).

Defendant's brief repeatedly sidesteps plaintiff's argument that the ALJ never discussed the opinion, yet rationalizes that any error is harmless because the omitted

opinion from PA Zakroczemski is not more restrictive than the RFC. (Dkt. No. 9 at 19). However, as asserted by plaintiff in her reply brief, there was testimony from a vocational expert (VE) on how the limitations identified by PA Zakroczemski would affect the jobs identified at Step Five. According to the VE, in terms of sitting and standing, if someone would be limited to sitting for four hours or less and limited to standing two hours or less, "then a person would not be able to maintain a regular competitive employment with those limitations." (Tr. 907-908).

In sum, the Court is unable to assess how the ALJ considered the opinion of PA Zakroczemski. This was harmful error frustrating meaningful review and warrants remand. Because the ALJ erred in her assessment of the evidence of record and remand for further proceedings and the issuance of a new decision is necessary, I decline to reach plaintiff's alternative arguments.

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.8) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: July 16, 2024  
Rochester, New York

J. Gregory Wehrman  *J.G.W.*
HON. J. Gregory Wehrman  
United States Magistrate Judge